



FILED

Jul 03 2025, 9:00 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Court of Appeals of Indiana

Anthony Tyrone Stone,

*Appellant-Defendant*

v.

State of Indiana,

*Appellee-Plaintiff*

---

July 3, 2025

Court of Appeals Case No.
24A-CR-2602

Appeal from the Vanderburgh Superior Court

The Honorable Robert J. Pigman, Judge

Trial Court Cause No.
82D03-2309-F1-5598

---

**Opinion by Judge Vaidik**
Judges Bailey and DeBoer concur.

**Vaidik, Judge.**

# Case Summary

[1] Anthony Tyrone Stone was convicted of Level 3 felony attempted aggravated battery and four counts of Level 6 felony criminal recklessness. On appeal, he argues that the criminal-recklessness convictions must be vacated on double-jeopardy grounds. We agree in part and direct the trial court to vacate three of the criminal-recklessness convictions and to resentence Stone accordingly.

# Facts and Procedural History

[2] On September 7, 2023, Landon Kellough was driving his car with four passengers: Logan Parrish in the front passenger seat and Kenneth Mickle, Melissa Parrish, and nine-year-old E.P. in the back seat. Kellough was stopped at a stop sign when Stone, driving an SUV, ran an adjacent stop sign. As Stone drove past Kellough, Kellough lowered his window and yelled "suck my d***." Tr. Vol. II p. 12. Kellough then drove off, but Stone stopped his SUV, jumped out, and ran after Kellough's car. Stone caught up to Kellough's car at a stop light, approached close to Kellough's window, and yelled "what's good" in an angry and aggressive manner. *Id.* at 15-16, 64. Kellough opened his door, hitting Stone's face, and Stone drew a handgun and quickly fired at least four shots through the driver's side window and door. Kellough was struck by multiple bullets. He was able to drive away, but he was badly injured. He had gunshot wounds on his left shoulder and left forearm, and half of his left knee was "blown off," including a fractured femur. *Id.* at 23; Ex. A1. He had one

knee surgery and was awaiting another at the time of trial. In addition to Kellough's injuries, Logan Parrish claimed that one of the bullets grazed his shoulder.

[3] The State charged Stone with Level 1 felony attempted murder (as to Kellough), two counts of Level 5 felony battery by means of a deadly weapon (one as to Kellough and one as to Logan Parrish), Level 5 felony battery resulting in serious bodily injury (as to Kellough), and five counts of Level 6 felony criminal recklessness while armed with a deadly weapon (one for each person in the car). A jury trial was held in August 2024. At the State's request, the trial court dismissed the battery and the criminal-recklessness charges as to Kellough, leaving only the attempted-murder charge, the Level 5 felony battery charge as to Logan Parrish, and the other four criminal-recklessness charges.

[4] Stone testified and claimed that he fired the shots in self-defense. He testified that he became "discombobulated like" when Kellough opened the door into his face and that he saw Kellough reaching toward the center console. Tr. Vol. II p. 198. He said he thought he was "about to get shot" so he drew his gun, fired a "warning shot," and then "immediately" fired at Kellough to "disarm" him. *Id.* at 199-200, 213-14, 216. In reality, Kellough never had a gun, and there were no guns in his car.

[5] The court instructed the jury on the charges as filed and also on Level 3 felony attempted aggravated battery as an included offense of attempted murder.[1] The jury found Stone guilty of attempted aggravated battery as to Kellough and criminal recklessness as to the four passengers. The jury found Stone not guilty of Level 5 felony battery as to Logan Parrish.

[6] At the sentencing hearing, Stone argued that, to avoid double jeopardy, judgment of conviction should be entered only for attempted aggravated battery. The trial court disagreed and entered judgment of conviction on all five guilty verdicts. The court sentenced Stone to 14 years in the Department of Correction: 12 years for attempted aggravated battery and a total of 2 years for the four criminal-recklessness counts.

[7] Stone now appeals.

## Discussion and Decision

[8] Stone makes two separate double-jeopardy arguments. First, he contends that his act of shooting into Kellough's car can support at most one criminal-recklessness conviction, even though he fired multiple shots and there were multiple people in the car. We analyze this argument using the two-step test

---

[1] Given the seriousness of the injury to Kellough's knee, it isn't clear why the trial court instructed the jury on attempted aggravated battery rather than aggravated battery. *See* Ind. Code § 35-42-2-1.5 ("A person who knowingly or intentionally inflicts injury on a person that creates a substantial risk of death or causes: (1) serious permanent disfigurement; (2) protracted loss or impairment of the function of a bodily member or organ; or (3) the loss of a fetus; commits aggravated battery, a Level 3 felony."). But the parties don't raise any issue in this regard.

established by our Supreme Court in *Powell v. State*, 151 N.E.3d 256 (Ind. 2020), which applies when a single criminal act or transaction leads to multiple convictions under a single statute. Second, Stone asserts that his act of shooting into Kellough's car can't support **any** criminal-recklessness conviction because the same act was the basis for the attempted-aggravated-battery conviction. We analyze this argument using the three-step test established by our Supreme Court in *Wadle v. State*, 151 N.E.3d 227 (Ind. 2020), which applies when a single criminal act or transaction leads to convictions under multiple statutes with common elements. "We review double jeopardy claims de novo." *Russell v. State*, 234 N.E.3d 829, 855 (Ind. 2024), *cert. denied*.

[9] The State doesn't dispute Stone's argument about multiple criminal-recklessness convictions. Under *Powell*'s two-step test, we must first determine whether the statute at issue clearly indicates a "unit of prosecution." 151 N.E.2d at 264. "[A] unit of prosecution is 'the minimum amount of activity a defendant must undertake, what he must do, to commit each new and independent violation of a criminal statute[.]'" *Barrozo v. State*, 156 N.E.3d 718, 725 (Ind. Ct. App. 2020) (quoting *United States v. Rentz*, 777 F.3d 1105, 1109 (10th Cir. 2015) (en banc)). If the statute clearly indicates a unit of prosecution—that is, if the statute clearly allows multiple convictions for a single criminal act or transaction, or if it clearly allows only one conviction for a single criminal act or transaction—the court follows the legislature's guidance and the analysis is complete. *Powell*, 151 N.E.3d at 264. But if the statute is ambiguous as to the unit of prosecution, the court proceeds to the second step.

*Id.* "Under this second step, a court must determine whether the facts—as presented in the charging instrument and as adduced at trial—indicate a single offense or whether they indicate distinguishable offenses." *Id.*

> To answer this question, we ask whether the defendant's actions are so compressed in terms of time, place, singleness of purpose, and continuity of action as to constitute a single transaction. If the defendant's criminal acts are sufficiently distinct, then multiple convictions may stand; but if those acts are continuous and indistinguishable, a court may impose only a single conviction. Any doubt counsels against turning a single transaction into multiple offenses.

*Id.* at 264-65 (quotation altered).

[10] As the parties note, we applied this two-step test in the criminal-recklessness context in *Moore v. State*, 181 N.E.3d 442 (Ind. Ct. App. 2022). There, the defendant was convicted of two counts of criminal recklessness after firing two shots in quick succession in a room occupied by multiple other people, with the unified purpose of scaring the people out of the house. We held, first, that the criminal-recklessness statute—Indiana Code section 35-42-2-2—doesn't clearly indicate a unit of prosecution, and second, that the defendant's actions were so compressed in terms of time, place, singleness of purpose, and continuity of action as to constitute a single transaction, supporting only one conviction for criminal recklessness. Based on *Moore*, the parties agree that Stone's actions can support at most one criminal-recklessness conviction.

That brings us to Stone's argument that he can't be convicted of both attempted aggravated battery and criminal recklessness based on his act of shooting into Kellough's car. Again, because these convictions fall under separate statutes, Stone's argument implicates not the two-step test from *Powell* but the following three-step test from *Wadle*:

> [W]e first look to the statutes themselves. If either statute clearly permits multiple punishment, whether expressly or by unmistakable implication, the court's inquiry comes to an end and there is no violation of substantive double jeopardy. But if the statutory language is not clear, then a court must apply our included-offense statutes to determine whether the charged offenses are the same. *See* [Ind. Code] § 35-31.5-2-168. If neither offense is included in the other (either inherently or as charged), there is no violation of double jeopardy. But if one offense is included in the other (either inherently or as charged), then the court must examine the facts underlying those offenses, as presented in the charging instrument and as adduced at trial. If, based on these facts, the defendant's actions were so compressed in terms of time, place, singleness of purpose, and continuity of action as to constitute a single transaction, then the prosecutor may charge the offenses as alternative sanctions only. But if the defendant's actions prove otherwise, a court may convict on each charged offense.

151 N.E.3d at 253 (quotation omitted).

To dispose of Stone's argument, we need only address the second step. We have held that, under *Wadle*, where "one of the material elements of both offenses is a victim, and a separate victim is alleged for each offense, it would seem by definition one offense cannot be either a factually or inherently

included lesser offense of the other." *Woodcock v. State*, 163 N.E.3d 863, 875 (Ind. Ct. App. 2021), *trans. denied*. Here, the victim of attempted aggravated battery was Kellough, and the victims of criminal recklessness were the other people in Kellough's car. Therefore, the criminal recklessness was not inherently or factually included in the attempted aggravated battery, or vice versa, so there is no double-jeopardy violation under *Wadle*.

[13] For these reasons, we hold that the attempted-aggravated-battery conviction and one of the criminal-recklessness convictions can stand, but we remand to the trial court with instructions to vacate three of the criminal-recklessness convictions and to resentence Stone accordingly.

[14] Affirmed in part, reversed in part, and remanded.

Bailey, J., and DeBoer, J., concur.

ATTORNEY FOR APPELLANT

Yvette M. LaPlante
LaPlante Legal
Evansville, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Indiana Attorney General

Justin F. Roebel
Supervising Deputy Attorney General
Indianapolis, Indiana